IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Robert M. Lance, | ) | C/A No. 3:04-2247-18 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER and OPINION** |
| | ) | |
| John LaManna, Warden FCI Edgefield, S.C. | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

      This petition for a writ of habeas corpus, brought pursuant to 28 U.S.C.A. § 2241 (West 2003), is before the court on the magistrate judge's recommendation that the petition for habeas relief be dismissed without prejudice. This record includes a report and recommendation ("Report") of the United States Magistrate Judge made in accordance with 28 U.S.C.A. § 636(b)(1)(B) (West 2003).

**I.     BACKGROUND**

      In 1968 petitioner was convicted of armed robbery in Georgia state court and sentenced to fifteen years imprisonment. His sentenced was commuted to time served in 1979. In 1992 petitioner pled guilty to unarmed bank robbery and was subsequently sentenced in the Northern District of Georgia to 262 months incarceration. The sentence was enhanced using the 1968 state robbery conviction. He subsequently filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, which was denied in April 1999. After his federal sentence was imposed, petitioner realized the probation officer used the state conviction to enhance his sentence recommendation as a career criminal. Petitioner contends his sentence was improperly enhanced because he was "pardoned" for the state offense prior to the 1992 sentencing. According to

petitioner, he has already served his proper federal sentence and should be released.

## II.     TIME FOR FILING OBJECTIONS

A petitioner may object, in writing, to a magistrate judge's report within ten days after being served with a copy of that report. See 28 U.S.C. § 636(b)(1) (West 2003). Three days are added to the ten-day period if the recommendation is mailed rather than personally served. See Fed. R. Civ. P. 6(e). The magistrate judge filed his report and recommendation on August 13, 2004. Petitioner filed his written objections on September 1, 2004.

## III.    STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. See 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140 (1985). This court is not required to review under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. at 149-50; see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) (stating that "[w]hen a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision). General objections will not suffice to obtain judicial review of a magistrate judge's findings. See Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991).

**III.     PRO SE PETITIONS**

Petitioner is proceeding pro se in this case. Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990).

**IV.     ANALYSIS**

Petitioner objects to the magistrate judge's conclusion that the court lacks jurisdiction to hear his petition. Petitioner fashions his relief pursuant to § 2241; however, § 2241 attacks the execution of a sentence, while § 2255 challenges the validity of a conviction or sentence. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); see also United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) (noting § 2255 is appropriate remedy for errors that occurred at sentencing). As the Report notes, petitioner challenges the validity of his sentence, and therefore § 2241 is inapplicable.[1]

---

[1] Even if § 2241 was the proper relief, petitioner's claim would be barred for failure to exhaust administrative remedies. See McClung v. Shearin, 90 Fed. Appx. 444 (4th Cir. 2004) (noting "federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions"). Petitioner does not challenge the magistrate judge's determination that he did not exhaust administrative remedies, nor does petitioner detail why such an effort should not be pursued.

3

A federal prisoner may challenge his conviction and sentence under § 2241 (rather than § 2255) when a § 2255 motion is "inadequate or ineffective to test the legality of [the] detention." In re Vial, 115 F.3d at 194. The Report states that petitioner contends a § 2255 would be "inadequate" because it would amount to a second § 2255 filing. (Report at 1.) See 28 U.S.C. §§ 2244, 2255. Petitioner's brief also argues that a § 2255 motion would be "inadequate or ineffective" because the relevant statute of limitations has run.[2]  Both reasons are insufficient. A § 2255 petition is not "rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194, n. 5. As such, § 2241 is not the proper remedy.

Section 2255 contains a specific provision allowing a petitioner to file a "second or successive" § 2255 motion with the appropriate court of appeals when his petition contains newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. Petitioner's filing suggests neither of these grounds. Thus, this § 2241 petition is not properly before this court because petitioner has not shown why § 2255 is an "inadequate or ineffective" remedy for addressing his claims for

---

[2] Petitioner's federal sentence was enhanced by the state conviction. He contends he was pardoned for the state offense, and now seeks to vacate the enhanced federal sentence. In such circumstances, "the federal statute of limitations begins running when the state court conviction is conclusively invalidated." United States v. Gadsen, 332 F.3d 224, 229 (4th Cir. 2003). Petitioner's putative pardon was issued thirteen years before his federal offense; as such, the statute of limitations ran long before the offense even occurred. It is also unclear whether petitioner's "pardon" conclusively invalidates his state conviction. The documents in the record concern the commutation of his sentence, not the pardon of his conviction.

4

relief.

## V. CONCLUSION

For the reasons stated above and those stated by the magistrate judge, it is therefore **ORDERED** that this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

*/s/ David C. Norton*
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 3, 2006**
**Charleston, South Carolina**